# EXHIBIT A

<u>**SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**</u>

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made in the state of Arizona by and between Jeff Chandler (hereinafter "Plaintiff") and Pro-Tech Transmissions, LLC, an Arizona limited liability corporation, Ray Razack and Bibi Razack, husband and wife; (hereinafter "Defendants") (Plaintiff and Defendants hereinafter collectively referred to as "the Parties").

<u>**RECITALS**</u>

WHEREAS, Plaintiff filed a lawsuit against Defendants in the United States District Court for the District of Arizona, Case No. 2:16-cv-00299-DGC, seeking to recover unpaid overtime, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (the "Litigation");

WHEREAS, Defendants denied liability, specifically claiming that Plaintiff's FLSA claims were barred by the applicable statute of limitations, that Plaintiff was properly classified as exempt from overtime pay requirements, to the extent Plaintiff performed overtime work, if any, and further denied that they had engaged in any failure to pay Plaintiff in derogation of their obligation under the Act or any related laws, whether knowingly or unknowingly, or had engaged in any improper or unlawful conduct;

WHEREAS, the Parties also dispute the amount of back wages, if any, Plaintiff would be entitled to recover had his claim of violation of the FLSA withstood judicial review;

WHEREAS, the Parties desire to resolve the claims rather than engage in protracted and expensive litigation; and

WHEREAS, the Parties have agreed to a full settlement of all claims;

NOW THEREFORE, in exchange for and in consideration of the acts, promises, and mutual agreements, covenants and provisions contained in this Agreement, the Parties declare and agree as follows:

1.      <u>**Settlement Amount.**</u>

    (a)     Within seven (7) days of execution of this Agreement (after approval therefor has been received by the Court overseeing the Litigation), Defendants agree to pay Plaintiff five hundred dollars ($500.00).  The checks shall be made payable as follows: To the order of Jeff Chandler, care of "Phillips Dayes National Employment Law Firm PC", in the amount of $500, designated as payment for alleged wage-related damages, minus normal payroll taxes and other withholdings as required by law.

    (b)     The payments described above shall constitute the totality of consideration paid by Defendants, their affiliated companies, divisions, directors, officers, shareholders,

members, employees, insurers, agents, predecessors, successors and assigns, inclusive of any fees, costs, interest, liquidated damages or other form of damages, claimed or unclaimed, and Defendants, their affiliated companies, divisions, directors, officers, shareholders, members, employees, insurers, agents, predecessors, successors and assigns shall make no other payment or transfer to Plaintiff or on their behalf for any of the claims released in this Agreement. Further, Defendants, their affiliated companies, divisions, directors, officers, shareholders, members, employees, insurers, agents, predecessors, successors and assigns will not be responsible for making any deductions, withholdings or additional payments (other than employer payroll tax), including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, from the Settlement Amount. Any amount paid to Plaintiff shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension or other compensation or benefit plan provided by Defendants.

(c)     In the event Plaintiff is currently a debtor within the jurisdiction of the United States Bankruptcy Court or in any other insolvency proceeding, Plaintiff agrees to obtain the approval and signature of the Bankruptcy Trustee for the purpose of ratifying this Agreement in his official capacity.

(d)     Plaintiff represents and warrants that no other person or entity has or has had any lien or interest in the claims, demands, obligations or causes of action referred to in this Agreement and that he has the sole right and exclusive authority to execute this Agreement.

**2.     Dismissal of Litigation.** Upon execution of this Agreement, the Parties will execute a stipulation for dismissal with prejudice of the Litigation and deliver their respective signatures to Defendants. Within ten (10) business days after Defendants' timely receipt of the executed Stipulation for Dismissal, Defendants, by and through their attorneys, will (i) cause the Stipulation for Dismissal to be filed with the Court and (ii) file with the Court an order of dismissal with prejudice.

**3.     Release by Plaintiff of All Claims Against Defendants and Acknowledgements.**

(a)     Plaintiff hereby waives, releases, discharges, gives up and settles all claims, rights and actions, of whatever nature and kind, known and unknown, which he has or may have against Defendants.

(b)     Plaintiff acknowledges that, beyond the above-described Settlement Amount, he has received all reimbursements, compensation and emoluments of any kind to which he was entitled during the course and as a result of his employment with Defendants, has no claim, request or entitlement of any kind to any unpaid time off, and has sustained no workplace injury, reported or unreported, during the course of said employment.

2

(c)     As a further and necessary condition to the Parties' agreements, Plaintiff represents and warrants that he has not initiated nor has pending any legal or other proceedings of any kind, including, by way of example only, bankruptcy proceedings, affecting Plaintiff's ability to enter into this Agreement with or against Defendants in any federal, state, local or other forum, other than in Case No. 2:16-cv-00299-DGC, which they hereby agree to release, withdraw and dismiss. Plaintiff hereby covenants on behalf of himself, his heirs, executors, personal representatives, trustees, administrators and assigns not to sue Defendants as to any allegation or claim released in this Agreement. Plaintiff agrees that this Agreement may be pled as a complete bar to any action or suit before any court asserting any allegation or claim released or withdrawn in this Agreement.

4.     **Reliance.**   Plaintiff agrees, acknowledges, warrants and represents that in deciding to sign this Agreement (i) he has relied upon his own judgment and that of any persons of his own choosing who has provided advice or counsel to him regarding this Agreement; (ii) he has had a sufficient period of time to consider whether to enter into this Agreement and to consider the terms and provisions of this Agreement; (iii) no statement, communication or other representation made by Defendants or their agents has in any way unduly influenced or coerced them to sign this Agreement; (iv) this Agreement is written in a manner that is understandable to them; and (v) that he has read and understood all of the terms and conditions of this Agreement.

5.     **Full Authority**.   The Parties represent and warrant to each other that they have full power, authority, and legal right to execute this Agreement, on their own behalf as well as on behalf of the corporate or other entities, estates, and individuals referred to herein.  Moreover, each Party represents to each other Party that it has not executed this Agreement, nor any document required to be executed pursuant to this Agreement, under any duress, under pressure, or fraud and that each Party is legally and equitably bound by the express terms, or representations, warranties, covenants, and conditions contained herein.

6.     **Payment of Taxes.**   The payment made under this Agreement is in recognition of the settlement of the claims, and not as salary continuation, severance pay, vacation pay, or any other form of wages. Defendants do not make any representation or warranty to Plaintiff regarding the tax treatment or consequences of any payment under this Agreement. Plaintiff will be solely responsible for the payment of all taxes of whatever kind that may be or become due or payable in connection with such payment, and will indemnify and hold Defendants harmless from all liens, actions or claims on the part of the Internal Revenue Service or any other tax authority in connection with such payment. This indemnity and hold harmless agreement will apply as to the full amount of all such liens, actions or claims, and all expenses incurred therewith.

7.     **No Admission of Liability.**   This Agreement constitutes the settlement and compromise of a disputed claim. Nothing contained in this Agreement shall be construed as an admission by any party that it has violated any statute, law or regulation, breached any contract or agreement, or that it has engaged in any of the conduct or practices alleged by either party. All parties expressly deny that they have engaged in any of unlawful practice.

**8.     Attorney Fees.** In the event that any lawsuit or other action is brought by either party to this Agreement to enforce or interpret its terms, the prevailing party in such lawsuit or action shall be entitled to recover from the other all costs incurred therein, including any reasonable attorneys' fees.

**9.     Modifications.**  This Agreement may not be amended, canceled, revoked, or otherwise modified except by written agreement subscribed by all of the Parties to be charged with such modification.

**10.     Severability.**  In the event any provision of this Agreement is held to be void, voidable, or unenforceable, the remaining provisions remain in full force and effect.

**11.     Governing Law.**  This Agreement is construed in accordance with and is governed by the laws of the State of Arizona.

**12.     Entire Agreement.**  This Agreement contains the entire agreement and understanding between the Parties and supersedes all prior negotiations, agreements and understandings, oral or written, concerning the matters covered by this Agreement.

**13.     Counterparts.**  This Agreement may be executed in one or more counterparts, each of which when executed and delivered is an original, and all of which when executed constitute one and the same instrument and can be executed using electronic means.  Any Party may deliver its signed counterpart of this Agreement to the other Party by facsimile or e-mail transmission and such delivery is deemed made upon receipt of such transmission by the other Party (with proof of facsimile or e-mail transmission).

**14.     Neutral Job Reference.**  Defendants will provide any future prospective employer of Plaintiff with a neutral job reference which simply confirms the dates in which Plaintiff was in Defendants' employ. No information regarding the nature in which the employment relationship ended can be disclosed by Defendants.

**15.     Notice.**  In the event any notice is required to be provided pursuant to the terms of this Agreement, and unless otherwise specified herein, such notice must be delivered by U.S. Mail, facsimile and e-mail (with proof of facsimile and e-mail transmission).  The notice will be deemed delivered as of the date the notice is sent by the Party delivering the notice.  The Parties will advise each other in writing of any modification to the place designated by this section for notice.  Unless modified as provided under this Section, all notices must be sent to the following addresses:

    (a)  If to Defendants, then to:

       Laurent R.G. Badoux
       GREENBERG TRAURIG, LLP
       2375 E. Camelback Road, Suite 700
       Phoenix, Arizona  85016
       F: (602) 445-8000
       badouxl@gtlaw.com

      (b)       If to Plaintiff, then to:

Sean Davis, Esq.
Phillips Dayes National Employment Law Firm PC
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
F: (602) 258-8900
treyd@phillipslaw.com

**THE PARTIES UNDERSTAND THAT UPON SIGNING BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH THEY WILL BE GIVING UP RIGHTS AND CLAIMS THEY MAY HAVE ON THE TERMS STATED IN THIS AGREEMENT.**

DATE: _____      _____
                                            Jeff Chandler, an individual

DATE: _____      _____
                                            Pro-Tech Transmissions, LLC, an Arizona
                                            limited liability corporation

DATE: _____      _____
                                            Ray Razack

DATE: _____      _____
                                            Bibi Razack

*PHX 331720274v3*

6